IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Case No. 5:23-cv-203 Bailey

ALARM GRID, INC.,

    Plaintiff,

v.

A. V. LAUTTAMUS COMMUNICATIONS, INC.,

    Defendant.

ELECTRONICALLY FILED
5/30/2023
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff Alarm Grid Inc., ("Plaintiff") sues defendant A. V. Lauttamus Communications, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Lighthouse Point, FL.

2. Defendant is a corporation organized and existing under the laws of the State of West Virginia with its principal place of business located at 1344 Cove Hill Road, Weirton, WV 26062. Defendant's agent for service of process is Paul D. Lauttamus, 1344 Cove Hill Road, Weirton, WV 26062.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with West Virginia such that the exercise of personal jurisdiction

over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, venue is proper in his District because Defendant is subject to personal jurisdiction in this District. See Big Guy's Pinball, LLC v. Lipham, No. 14-CV-14185, 2015 U.S. Dist. LEXIS 89512, at *2 (E.D. Mich. July 10, 2015). Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## FACTS

### I. Plaintiff's Business

6. Plaintiff is a home security company that provides alarm system-related services nationwide.

7. Plaintiff offers various security products, including alarm devices and security system monitoring.

8. Plaintiff prides itself on being "a different kind of alarm company," with no-contract alarm monitoring services to ensure their customers only pay for their actual services.

9. Plaintiff provides no-contract technical advice to avoid expensive service calls.

### II. The Work at Issue in this Lawsuit

#### A. *The First Photograph*

10. In 2014, a professional photographer created a photograph of a wireless key titled "46PHP026" (the "First Photograph"). A copy of the First Photograph is exhibited below:



11. The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on November 6, 2014 and was assigned Registration No. VA 1-215-644. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

12. Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**B.    The Second Photograph**

13. In 2015, Joshua Unseth (Plaintiff's Director of Marketing) created a professional photograph of a motion detector titled "5800PIR" (the "Second Photograph") (together with the First Photograph, the "Work"). A copy of the Second Photograph is exhibited below:



14. The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on September 18, 2015 and was assigned Registration No. VA 1-228-477. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

15. Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

**III.     Defendant's Unlawful Activities**

16. Defendant is a security company providing telecommunication, wireless, and security devices.

17. Defendant advertises/markets its business primarily through its website (https://www.lauttamus.com/), social media (e.g.

https://www.facebook.com/LauttamusCommunications), and other forms of advertising.

18. In April 2018 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published a copy of the Work on its website (at https://www.lauttamus.com/) in connection with the advertising of its products:



19. A true and correct copy of the screenshot of the foregoing website, displaying the copyrighted Work, is attached hereto as **Exhibit "C."**

20. Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

21. Defendant utilized the Work for commercial use – namely, in connection with the advertising of its products.

22. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own

commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in April 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of its Work.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

27. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

28. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©AV Lauttamus Communications, Inc. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g. Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet..

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement

of the Work, which amounts shall be proven at trial.

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: May 30, 2023.                                COPYCAT LEGAL PLLC

        3111 N. University Drive
        Suite 301
        Coral Springs, FL 33065
        Telephone: (877) 437-6228
        pleadings@copycatlegal.com
        joboyle@oboylelawfirm.com

        By: /s/ Jonathan O'Boyle\_\_\_
            Jonathan O'Boyle, Esq.
            *Of Counsel*